## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **BRANDON SMITH,** individually, | * * * |
| Plaintiff, | * * |
| v. | *   Case No._____ * |
| **POPLAR PROPERTY, LLC,** a domestic limited liability company, | * * * |
| Defendant. | * |

## **COMPLAINT**

Plaintiff BRANDON SMITH ("SMITH" or "Plaintiff") hereby sues Defendant POPLAR PROPERTY, LLC ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant POPLAR PROPERTY, LLC's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Western District of Tennessee pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, BRANDON SMITH, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA.

5. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the subject property, including returning to Mid South Food & Fuel as soon as it is accessible ("Advocacy Purposes").

8. Defendant, POPLAR PROPERTY, LLC, is a foreign limited liability company conducting business in the State of Tennessee and within this judicial district.

## FACTUAL ALLEGATIONS

9. In August of 2019, Plaintiff was a patron at Mid South Food & Fuel, a business located at 4830 Poplar Ave., Memphis, Tennessee.

10. POPLAR PROPERTY, LLC, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically Mid South Food &

Fuel and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Shelby County Planning Department by Parcel ID: 056007 00041 ("Subject Facility", Subject Property).

11. Plaintiff lives only 8 miles from the Subject Facility.

12. Because Mid South Food & Fuel is located on Poplar Avenue, a Memphis thoroughfare that he frequents routinely, he is consistently where the Subject Facility is located and travels in and about the immediate area of Mid South Food & Fuel numerous times every week.

13. Plaintiff's access to Mid South Food & Fuel located at 4830 Poplar Ave., Memphis, Tennessee ("Subject Property", "Subject Facility"), and/or full and equal enjoyment of the food, beverages, fuel, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, POPLAR PROPERTY, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at Mid South Food & Fuel, including those set forth in this Complaint.

14. Plaintiff has visited Mid South Food & Fuel at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting Mid South Food & Fuel within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when Mid South Food & Fuel is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

15. Living in the area, Plaintiff intends on revisiting Mid South Food & Fuel to enjoy the same services as a non-disabled patron as well as for Advocacy Purposes, but does not intend

to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

16. Plaintiff traveled to Mid South Food & Fuel as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Mid South Food & Fuel.

**COUNT I – CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant for ADA Violations)**

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. Mid South Food & Fuel is a public accommodation and service establishment.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

21. Mid South Food & Fuel must be, but is not, in compliance with the ADA and the ADAAG.

22. Plaintiff has attempted to, and has to the extent possible, accessed Mid South Food & Fuel in his capacity as a patron at Mid South Food & Fuel and as an independent

advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Mid South Food & Fuel that preclude and/or limit his access to Mid South Food & Fuel and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

23. Plaintiff intends to visit Mid South Food & Fuel again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the food, beverages, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of Mid South Food & Fuel but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Mid South Food & Fuel that preclude and/or limit his access to Mid South Food & Fuel and/or the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

24. Defendant, POPLAR PROPERTY, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Mid South Food & Fuel, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

25. Defendant, POPLAR PROPERTY, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, POPLAR PROPERTY, LLC, is compelled to remove all physical barriers that exist at Mid South Food & Fuel, including those

specifically set forth herein, and make Mid South Food & Fuel accessible to and usable by Plaintiff and other persons with disabilities.

26. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Mid South Food & Fuel and the full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and accommodations of Mid South Food & Fuel include, but are not limited to:

### PARKING

a. The plaintiff could not utilize the parking facility without the fear and stress of being unable to re-enter his vehicle because of the likelihood of a vehicle being parked directly beside his vehicle because of the defendant's failure to maintain the paint (not clearly marking the location) of the access aisle serving the designated accessible space in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at Mid South Food & Fuel.

b. The plaintiff could not safely utilize the parking facility without the fear and stress of being unable to re-enter his vehicle because of the likelihood of a vehicle being parked directly beside his vehicle because the accessible parking space had no visible upright signage so that the space could be identified when vehicles such as vans or trucks (typically utilized by individuals with disabilities) are parked in the accessible space in violation of Section 4.6 of the 1991 ADAAG and Sections 302 and 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at Mid South Food & Fuel.

c. The plaintiff could not safely utilize the parking facility because neither the designated accessible parking space nor the access aisle was level in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG.

## ACCESSIBLE ROUTES

d.  The plaintiff was unable to enter the facility without suffering physical fatigue and difficulty as the parking space serving the facility is not located on the shortest accessible route from parking to the accessible entrance in violation of Section 4.6 of the 1991 ADAAG and Sections 208.3.1 and 502 of the 2010 ADAAG. This violation made it difficult for Plaintiff to access Mid South Food & Fuel.

e.  The plaintiff could not traverse the path of travel from the parking facility to the accessible entry door without difficulty because the ground surface consisted of unmaintained pavement with abrupt changes in level between ¼ inch and ½ inch high which are not properly beveled and have a vertical rise steeper than 1:2 in violation of Section 4.5 of the 1991 ADAAG and Section 303.3 of the 2010 ADAAG Standards and said accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211. This violation made it difficult for Plaintiff to access Mid South Food & Fuel.

## ACCESS TO GOODS AND SERVICES

f.  The plaintiff could not traverse the aisles within the store with the same access as Defendant's able-bodied customers due to noncompliant clear widths between aisles and turn arounds at the end of aisles. The interior accessible routes between the store's interior aisles and the perimeter aisles/refrigerated coolers fail to meet the minimum maneuverability clearance requirements for accessible routes in violation of Section 4.3.3 of the 1991 ADAAG and Section 403.5 of the 2010 ADAAG. This violation made it difficult for Plaintiff to access goods and/or services within Mid South Food & Fuel.

g.  The plaintiff could not access the sales/service counter independently because it is too high for wheelchair users. Violation: The sales/service counter is not at an accessible height in violation of Section 7.2 of the 1991 ADAAG and Sections 227.3 and 904.4 of the 2010. This violation made it difficult for Plaintiff to pay for his selections without embarrassment and humiliation and access the goods and services behind the sales/service counter at Mid South Food & Fuel.

RESTROOM

h.  The plaintiff could not push the restroom door open independently without suffering physical strain and difficulty because the restroom entrance door closer requires excessive force to open due to Defendant's failure to maintain this accessible equipment. Violation: The restroom door requires more than the minimum allowable opening force of 5 pounds of pressure for an interior hinged door due to the defendant's failure to maintain the door closer in violation of 28 § 36.211, Section 4.13.11 of the 1991 ADAAG, and Section 404.2.9 of the 2010 ADAAG. This violation made it difficult for Plaintiff to access the restroom at Mid South Food & Fuel.

i.  The plaintiff had to struggle to keep the restroom entry/exit door open as he entered and exited because the restroom door closer caused the door to close too quickly. Violation: The sweep speed setting of the restroom doors has been allowed by the defendant to increase with time and ordinary use so that the time allowed to transition the door, from an open position of 90 degrees to a position of 12 degrees from the latch, is too brief to allow individuals with mobility impairments to enter and/or exit the restroom safely and/or independently in violation of Section 4.13.10 of the 1991 ADAAG and Section 404.2.8.1 of the 2010 ADAAG and said accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211. This violation made it difficult for Plaintiff to access the restroom at Mid South Food & Fuel.

j.  The plaintiff could not safely transfer from his wheelchair to the toilet because grab bars were not provided. Violation: ADA compliant grab bars are not provided in the restroom in violation of Sections 4.16.4, 4.26 and Figure 29 of the 1991 ADAAG and Section 604.5.2 of the 2010 ADAAG. This violation made it difficult and dangerous for Plaintiff to transfer from his wheelchair to the toilet.

k.  The plaintiff could not safely access the toilet because it sits too low to the ground. Violation: The toilet seat height is too low when measured from the floor to the seat in the lowered position in violation of Section 4.16.3 of the 1991 ADAAG and Section 604.4 of the 2010 ADAAG. This violation made it difficult and dangerous for Plaintiff to transfer from his wheelchair to the toilet.

    l. The plaintiff could not flush the toilet independently as the flush valve was not mounted on the open side of the toilet. Violation: The flush valve is not mounted on the compliant side of the toilet in violation of Section 4.16.5 of the 1991 ADAAG and Section 604.6 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to attempt to reach the toilet flush lever.

### MAINTENANCE PRACTICES

    m. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This violation made it dangerous and difficult to access Mid South Food & Fuel.

    n. Defendant has failed to modify its discriminatory maintenance practice to ensure that the subject facility is readily accessible to and usable by disabled individuals, in violation of 28 CFR §§ 36.302 and 36.211. These violations made it dangerous and difficult for Plaintiff to access Mid South Food & Fuel.

27. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendant does not intend to comply with the ADA.

28. The defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage,

exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the food, beverages, fuel, services, facilities, privileges, advantages and accommodations of Mid South Food & Fuel as Defendant's able-bodied patrons.

29.     Accessible elements at Mid South Food & Fuel have been altered and/or constructed since 2010.

30.     The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

31.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32.     Each of the violations alleged herein is readily achievable to modify to bring Mid South Food & Fuel into compliance with the ADA.

33.     Removal of the physical barriers and dangerous conditions present at Mid South Food & Fuel is readily achievable because of the site conditions at the subject property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

34. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

35. Removal of the physical barriers and dangerous conditions at Mid South Food & Fuel is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

36. By continuing to maintain and/or operate the subject property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

37. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by

individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

38. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, POPLAR PROPERTY, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Mid South Food & Fuel, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

39. Plaintiff's requested relief serves the public interest.

40. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, POPLAR PROPERTY, LLC pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, POPLAR PROPERTY, LLC, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, POPLAR PROPERTY, LLC, to (i) remove the physical barriers to access and (ii) alter Mid South Food & Fuel to make the subject property

        readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.      That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.      That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.      An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.      An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 5th day of February 2020.

                        Respectfully submitted,

                        By: *s/ Jeffrey Lucas Sanderson*
                        Jeffrey Lucas Sanderson, Esq.
                        Counsel for Plaintiff
                        Tennessee State Bar No.: 35712

Of Counsel:
Wampler, Carroll, Wilson & Sanderson, P.C.
44 N 2nd Street, Ste 502
Memphis, TN 38103
Telephone: (901) 523-1844
Email: admin@wcwslaw.com

**DEFENDANT TO BE SERVED:**
POPLAR PROPERTY, LLC
c/o Rooziman Shah, as Registered Agent
3264 W. Sarazens Cir.
Memphis, TN 38125